UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 0: 0:26-cv-00175-PJS-DLM

ABDIRAHMAN JIBRIL,

Plaintiff,

v.

United States of America *et al.,*

Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney, and Anthony P. Barrows, Assistant United States Attorney, submit this Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

## I. INTRODUCTION

Plaintiff Abdirahman Jibril (Plaintiff), appearing *pro se*, brings this action under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). First Amended Complaint (FAC) at p. 1. Plaintiff's FAC asserts various torts and constitutional violations against the United States and a host of State Department officials (some of them retired), all based on alleged conduct from over a decade ago.

For the FTCA claim, Plaintiff's suit against the United States specifically references five Government doctors and alleges they breached their duty of care at various times between 2011 and 2013. FAC at p. 4-7. The *Bivens* claim alleges a wide variety of

constitutional violations committed by twelve Government employees between 2006 and 2016. FAC at p. 7-12.

Plaintiff's complaint fails for several reasons. His allegations fail to state a cognizable claim because the statute of limitations for suing the United States or its employees is six years. 28 U.S.C. § 2401(a). His claim for compensatory relief against the United States is barred by sovereign immunity, and his claims against the twelve Government employees fail to state viable claims for relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Accordingly, the Court should dismiss Plaintiff's FAC for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under 12(b)(6).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff's FAC asserts the following facts and procedural history: Plaintiff was an employee of the Department of State and originally sought counseling through the Department's Employee Consultation Service (ECS). FAC p. 3. In April 2011 Plaintiff met with social worker Donald Tartasky with ECS and was referred to psychiatrist Steve Kasper in Nairobi. *Id*. p. 4. In May 2011 while in Nairobi Plaintiff was assessed by psychology personnel and medically evacuated to a mental health facility in the United States. *Id*. p. 5.

In the transfer time from Nairobi to the United States, Plaintiff alleges medical malpractice against Dr. Kathy Gallardo, a psychiatrist at the US Embassy in Pretoria South Africa. *Id*. p. 5. Plaintiff's FAC also alleges medical malpractice against the care team in Washington, D.C., including Drs. Welsby and Bieghley. *Id*. p. 6.

In addition to the medical malpractice claims under the FTCA, Plaintiff raises *Bivens* claims against twelve individuals. He asserts that David Kerr, Keith LaRochell, Donald Booth, Richard Johnson, Tom Rhodes, David Abell, and John Robinson at various times between 2006 and 2011 violated his First Amendment rights. FAC p. 8-12. Plaintiff's FAC also states that the following individuals violated his Fourth Amendment rights: David Kerr, Donald Booth, Richard Johnson, Tom Rhodes, David Abell, John Robinson and Alicia Frechette. *Id*. p. 8-12.

The following individuals are alleged to have violated Plaintiff's Fifth Amendment rights: Colin Green, Randy Fagan, Andrew Martin, Keith LaRochell, Donald Booth, Richard Johnson, Tom Rhodes, David Abell, John Robinson, Dawn Bennett-Ingold and Alicia Frechette. FAC p. 8-12. Plaintiff asserts a *Bivens* claim against Donald Booth, David Abell, John Robinson and Alicia Frechette, alleging violations of his Eighth Amendment rights. *Id*. p. 8-12. Plaintiff also asserts a *Bivens* claim against Andrew Martin and Donald Booth for violations of his Fourteenth Amendment rights. *Id*. p. 9-10.

## III. LAW AND ANALYSIS

### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject-matter jurisdiction. To survive a motion to dismiss for lack of subject-matter jurisdiction, the party asserting jurisdiction has the burden of proving jurisdiction. *V S Ltd. P'ship v. HUD,* 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. FDIC,* 915 F.2d 1171, 1174 (8th Cir. 1990).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) presents a defendant the opportunity to dispose of a Complaint that has no legal foundation. When reviewing this motion brought under Rule 12(b)(6), the Court must accept the amended complaint's well-pleaded factual allegations as true and determine whether the allegations state a claim to relief that is plausible on its face. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The Court must construe the *pro se* allegations liberally but may not "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). The Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Glick*, 944 F.3d at 717 (citations and internal quotation marks omitted).

Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009). Finally, although *pro se* complaints must be construed liberally, *pro se* plaintiffs are still bound by the substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

### B. Plaintiff's Complaint Should Be Dismissed for Lack of Jurisdiction and Failure to State a Claim

Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because the statute of limitations for suing the United States or its employees is six years, his FTCA claims against the United States are barred by sovereign immunity, and his allegations against the twelve *Bivens* defendants do not constitute viable *Bivens* claims.[1]

**1. Plaintiff's FTCA Claim Against the United States is Barred by the Statute of Limitations**

Plaintiff's claims against the United States are barred as a matter of law because this action was filed well outside the strict six-year statute of limitations mandated by 28 U.S.C. § 2401(a), requiring dismissal under Federal Rule of Civil Procedure 12(b)(6). Under §2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." An action "first accrues" on the date when all the events have occurred that solidify the liability of the government and entitle a claimant to initiate a tort claim. 28 U.S.C. § 2401(a). *See also Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 800 (2024) ("Contemporaneous legal dictionaries explained that a claim does not "accrue" as soon as the defendant acts, but only after the plaintiff suffers the injury required to press her claim in court."); *Chandler v. U.S. Air Force*, 255 F.3d 919, 921 (8th Cir. 2001); *Kinsey v. United States*, 852 F.2d 556, 557 (Fed. Cir. 1988). Even the most liberal reading of Plaintiff's First Amended Complaint sets the last date of alleged wrongs at May 19, 2016, during which

[1] Plaintiff has not affected service on the following *Bivens* defendants: Colin Green, Randy Fagan, David Kerr, Andrew Martin and John Robinson. The United States therefore does not represent them at this stage of the proceedings. Nevertheless, the substantive grounds for this motion apply equally to them.

time Plaintiff claims in general terms that Alicia Frechette violated his Fourth, Fifth and Eighth Amendment rights. FAC p. 12. Timing presents a glaring obstacle throughout Plaintiff's First Amended Complaint. The entire list of wrongs alleged by Plaintiff all occurred well past the strict six-year time limit imposed by § 2401(a).

Apparently aware of this hurdle, Plaintiff attempts to bring the alleged violations up closer to the present time. But these efforts fall far short of what the law requires when it comes to plausible pleading standards. For example, in describing his claim against *Bivens* Defendant No. 3 (Randy Fagan), Plaintiff alleges without elaboration that a phone Mr. Fagan gave him in 2010 "has become a subject of phone tapping (surveillance) suspicion," and asserts that the resulting harm includes the supposed fact that "surveillance continued for 15 years up to present 2026." FAC p. 8. This is all vague, and insufficient to put Mr. Fagan (who has not been served) on notice of anything to defend himself against, particularly when it comes to allegations within the past six years. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Plaintiff's only other attempt to overcome the statute of limitations problem is to assert that equitable tolling should apply. FAC p. 13. He alleges that tolling "is warranted because the government's actions—including psychiatric labeling, dismissal of EEO complaints based on a purported disability, and prolonged administrative obstruction—

created substantial barriers to obtaining legal representation and timely filing suit." *Id.* This statement is entirely conclusory and cannot form a basis for overcoming the statute of limitations. Nowhere in the First Amended Complaint does Plaintiff explain how any specific alleged conduct from within the past six years fits within the listed categories of supposed conduct, why such conduct was improper, or how it supposedly prevented him from obtaining representation or caused him any other sort of harm. The Court should not credit this and should dismiss the case in its entirety as falling outside the statute of limitations.

### 2. Plaintiff's FTCA Claim Against the United States is Barred by Sovereign Immunity

Congress has not waived immunity for constitutional damages claims against the United States and its agencies. *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). Nevertheless, Plaintiff maintains that the "United States is the exclusive proper defendant for claims of medical malpractice committed by federal employees…and their conduct is attributed to the United States under the Federal Tort Claims Act." FAC at p. 3. Unfortunately for the Plaintiff, that declaration runs up against firmly embedded Supreme Court precedent, *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994), as well as numerous Eighth Circuit decisions. *See Cheng v. Grenier*, No. 23-CV-0485 (WMW/DLM), 2024 WL 168627, at *4 (D. Minn. Jan. 16, 2024); *Block v. United States Gov't*, No. CV 23-127 (JRT/JFD) (D. Minn. May 31, 2023); *Phelps v. U.S. Fed. Gov't*, 15 F.3d 735 (8th Cir.

1994). Given this roadblock, the claims against the United States should be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

### 3. Plaintiff's *Bivens* Claims Fail to State Claims for Relief

A plaintiff generally may bring a *Bivens* claim against an individual Federal employee when that employee allegedly violates the plaintiff's constitutional rights and the plaintiff has no other remedy available under any statute or regulation. To prevail on a *Bivens* claim, a plaintiff must plead and prove that a person acting under color of federal law deprived them of their rights under the U.S. Constitution. *See Bivens* at 396-397; *Webb v. United* States, 789 F.3d 647, 659 (6th Cir. 2015).

However, under *Bivens* and its progeny the U.S. Supreme Court has recognized an implied cause of action only in cases where the Fourth, Fifth and/or Eighth Amendments are implicated. *See Bivens* at 388 (Recognizing a Fourth Amendment *Bivens* claim); *Davis v. Passman*, 442 U.S. 228 (1979) ("A cause of action and damages remedy can be implied directly under the Constitution when the Due Process Clause of the Fifth Amendment is violated."); *Carlson v. Green*, 446 U.S. 14 (1980) (Recognizing that Eighth Amendment violations—specifically inadequate medical care in prison—fall within a *Bivens* claim).

Any claim that falls outside of these three categories constitutes a "new context," which the Supreme Court described as a case that is "different in a meaningful way from previous *Bivens* cases decided by this Court." *Ziglar v. Abbasi*, 582 U.S. 120, 122 (2017). Courts must construe *Bivens* claims very carefully, with the *Ziglar* Court noting that expanding *Bivens* is a "disfavored judicial activity" and that "even a modest extension is

still an extension." *Id.* at 135 and 147. *See also Egbert v. Boule*, 596 U.S. 482, 492-93 (2022) (even a "single reason" to hesitate is sufficient to preclude recognition of a new *Bivens* cause of action); *Ahmed v. Weyker*, 984 F.3d 564 (8th Cir. 2020); *Cheng v. Grenier*, No. 24-1251, 2024 WL 3886675, at *1 (8th Cir. Aug. 21, 2024), *cert. denied*, 145 S. Ct. 993, 220 L. Ed. 2d 367 (2024); *Farah v. Weyker*, 926 F.3d 492 (8th Cir. 2019). Defendants bear the burden to establish a meaningful difference that precludes the plaintiff's *Bivens* claim if they believe the case arises in a new context. *Jacobs v. Alam*, 915 F.3d 1028, 1038-39 (6th Cir. 2019).

Here, the meaningful differences are plentiful. Many of Plaintiff's claims are supposedly attributed to applicable *Bivens* criteria, such as allegations that Keith LaRochell violated Plaintiff's Fifth Amendment Due Process right through "veiled threat, Chilling Effect (*sic*), silencing and obstruction of justice," FAC p. 10, or claims that Tom Rhodes violated his Fourth and Fifth Amendment rights through "Retaliation, emotional distress, isolation, hostile work environment, mistrust, and family separation," *Id*. p. 11, and Alicia Frechette violated his Fourth Fifth and Eighth Amendment rights through "Denial remedy, denial fair trial, desperate feeling prolonged process (*sic*)." *Id*. p. 12.

None of Plaintiff's conclusory and generalized allegations constitute a cognizable *Bivens* claim, nor do they demonstrate that any of the Defendants operated with a "highly culpable state of mind approaching actual intent." *Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993)*. Nowhere in Plaintiff's FAC does he allege a *Bivens*-applicable violation of his Fourth, Fifth or Eighth Amendment. Illegal search and seizure examples are nowhere to be found. His Fifth Amendment violations revolve around vague assertions of Due

Process and Equal Protection wrongs, which do not constitute a viable *Bivens* claim. Finally, at no time was Plaintiff a prisoner or under forced confinement. Thus, any of his vague Eighth Amendment allegations fail to constitute a cognizable *Bivens* claim. All we are left with is a mishmash of barely discernable wrongs that fall outside the scope of *Bivens* and fail to bring a colorable cause of action.

Additionally, neither the Supreme Court nor any other court has recognized a First or Fourteenth Amendment claim under *Bivens*. The Supreme Court has repeatedly said expanding *Bivens* is a "disfavored" judicial activity, making it hard to recognize new constitutional damages remedies beyond the few contexts already recognized. *Egbert*, 596 U.S. at 491-92; *Ziglar*, 582 U.S. at 135. Plaintiff's *Bivens* claims should be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

The Eighth Circuit recognizes that courts should not chill "vigorous and ingenious advocacy," particularly where there is a "reasonable likelihood of achieving potential change in the law," but that principle does not save a claim when "no facts supporting" the theory are pleaded. *Aetna Cas. & Sur. Co. v. Fernandez*, 830 F.2d 952, 956–57 (8th Cir. 1987). Nor does it save a complaint that is void of a recognized legal basis. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978). Plaintiff's desire to create a tenuous *Bivens* remedy is not a substitute for vague conclusory statements, a lack of material facts and a meritless legal path around the Supreme Court's repeated instruction that expanding *Bivens* is a "'disfavored' judicial activity." *Ziglar*, 582 U.S. at 135 (quoting *Iqbal*, 556 U.S. at 675).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's First Amended Complaint.

Dated: September 30, 2026

DANIEL N. ROSEN
United States Attorney

*s/ Anthony P. Barrows*

By: ANTHONY P. BARROWS
Assistant United States Attorney
Attorney ID No. 0392796
600 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415
Telephone: (612) 664-5600
Email: anthony.barrows@usdoj.gov

Attorneys for Defendants